## AMERICAN FIDELITY & CASUALTY CO., Inc., v. CRAWFORD.

### No. 11173.

Court of Civil Appeals of Texas.
San Antonio.

May 27, 1942.

Rehearing Denied June 17, 1942.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for appellant.

O. Shelley Evans, of San Antonio, for appellee.

MURRAY, Justice.

This is an appeal by American Fidelity & Casualty Company, Inc., from an order of the 45th District Court of Bexar County overruling its plea of privilege to be sued in Dallas County.

The original suit was instituted by Russell C. Crawford, doing business as Crawford Truck Lines, seeking to recover the sum of $3,417.44 alleged to be the amount of excess premium collected in Bexar County on insurance policies Nos. 5170, 5222 and 90070. Policy No. 5170 covered the public liability and property damage insurance on appellee's trucks and other motor vehicles from November 8, 1938 to November 8, 1939; Policy No. 5222 covered the same liability from November 8, 1939 to November 8, 1940; and Policy No. 90070 covered the same liability from November 8, 1940 to March 20, 1941, at which time the policy was cancelled.

Appellee sought to retain venue of the suit in Bexar County by virtue of the provisions of exceptions Nos. 23 and 27 to Article 1995, of the Revised Civil Statutes of Texas (1925). It is clear under these exceptions, if appellee could show that he had a cause of action against appellant, a part of which arose in Bexar County, he was entitled to have the case tried in Bexar County and to have appellant's plea of privilege overruled.

We are of the opinion that the trial court erred in overruling appellant's plea of privilege, for the reason that the proof fails to show a cause of action against appellant.

Appellee was enaged in the business of operating an interstate motor freight line from the City of San Antonio to Dallas, Fort Worth, Oklahoma City, St. Louis, Indianapolis, Cincinnati and Cleveland. Appellant agreed to write the necessary insurance to cover appellee's inter-state motor freight line business at an agreed and stipulated rate. The rate agreed upon was higher than the rate promulgated by the Insurance Commissioner of Texas, but, no doubt, far below the sum total of the rates promulgated by the regulatory boards of the several states through which appellee operated his motor freight line. Each year appellant would write a master policy covering all of the states at a rate agreed upon and premiums at this rate were paid by appellee from time to time. In order to meet the requirements of each state, appellant would execute and file in each state the kind and character of policy required by the regulatory board of that particular state.

It occurs to us that appellant was entitled to charge and collect for the service rendered on behalf of appellee in the States of Texas, Oklahoma, Missouri, Indiana, Ohio and Kansas, a greater premium than that promulgated by the Commissioner of Insurance for the necessary services and insurance coverage required by the State of Texas. Whether or not the amount collected above the premiums allowed in the State of Texas was the just and proper

amount for the services rendered in other states is not shown. Therefore, the evidence fails to show that appellant collected a greater sum of money from appellee than it was entitled to under all the circumstances, and in this respect appellee failed to establish a cause of action against appellant. We have found no authorities in point and therefore cite none.

The order of the trial court will be reversed and judgment here rendered transferring this cause to the District Court of Dallas County.